## Commonwealth v. Kern.

*Criminal law—Surety of the peace—Justice's Transcript Act of March 18, 1909.*

1. In cases of surety of the peace, the justice's return must affirmatively show compliance with the provisions of the Act of March 18, 1909, P. L. 42.

2. The transcript must show affirmatively and by proper recitals: (*a*) A suggestion to the parties of the propriety of compromising their differences; (*b*) a full hearing and investigation of the facts; and (*c*) a specific finding that the evidence shows that the danger of being hurt in body or estate is actual, and that the threats were made by the defendant and with intent to do harm. In addition, the bail must be for defendant's appearance forthwith, and not at the next term of court.

Motion to quash transcript. Q. S. Lehigh Co., June Sess., 1922, No. 135.

*Dallas S. Gangewer,* Assistant District Attorney, for Commonwealth.

*Dallas Dillinger,* for defendant.

GROMAN, P. J., and RENO, J., Oct. 2, 1922.—The alderman's transcript is defective. A long line of well considered cases hold that in surety of the peace cases the alderman's return must affirmatively show compliance with the provisions of the Act of March 18, 1909, P. L. 42. These cases we approve for reasons stated in an opinion this day filed in Com. v. Lowry [3 D. & C. 118].

Unless the alderman's transcript affirmatively and by proper recitals shows *(a)* his suggestion to the parties of the propriety of compromising their differences; *(b)* a full hearing and investigation of the facts; and *(c)* a specific finding that the evidence shows that the danger of being hurt in body or estate is actual and that the threats were made by the defendant and with intent to do harm, we have no jurisdiction to try the offence, and the prosecution must be dismissed. In addition to these requirements, the bail must be for defendant's appearance forthwith, and not for his appearance at the next term of court: Act of April 27, 1909, P. L. 260.

Now, Oct. 2, 1922, the motion to quash is sustained and the prosecution is dismissed.

From James L. Schaadt, Allentown, Pa.